Dexter ALLISON, Petitioner,

v.

DEPARTMENT OF
TRANSPORTATION, Respondent.

No. 2010–3139.

United States Court of Appeals,
Federal Circuit.

Nov. 4, 2010.

Dexter Allison, Chicago, IL, pro se.

Before NEWMAN, PLAGER, and PROST, Circuit Judges.

### ORDER

PER CURIAM.

Mr. Allison filed an appeal with the Merit Systems Protection Board ("Board") challenging his removal from his airway transportation system specialist position. Mr. Allison alleged, among other things, that his removal was the result of disability discrimination. The administrative judge found that Mr. Allison had not fulfilled his burden in establishing that he was disabled. The administrative judge affirmed the removal action, and the Board denied Mr. Allison's petition for review on May 5, 2010. The Board's decision was sent to Mr. Allison by certified mail on May 5, 2010. On July 2, 2010, the court received a submission from Mr. Allison that was docketed as a petition for review.

The Board's final decision explained the process for seeking review. Specifically, it

noted that if Mr. Allison wanted review of both his discrimination claim and his other claims, he must file his civil action *with a district court* "within *30* days after the date the individual filing the case received notice [of the Board's decision]." 5 U.S.C. § 7703(b)(2) (emphasis added). It further explained that if Mr. Allison did not want review of his discrimination claim but only wanted review of his other claims, he should submit a request to *this court* "within *60* days after the date the petitioner received notice [of the Board's decision]." 5 U.S.C. § 7703(b)(2) (emphasis added). This court's rules additionally require that the petitioner file a Statement Concerning Discrimination. *See* Fed. Cir. R. 15(c). This court does not have jurisdiction to review a mixed case unless the petitioner explicitly waives any discrimination claims. *See Davidson v. U.S. Postal Serv.*, 24 F.3d 223 (Fed.Cir.1994).

Although Mr. Allison has sought review by this court, he has not submitted a Rule 15(c) form waiving his discrimination claim. In fact, in his August 26, 2010 reply brief, Mr. Allison states that he "has not and does not intend to abandon his discrimination claim." He further indicates that "[i]f the U.S. Court of Appeals does not hold jurisdiction to review the board's decision then the petitioner requests the court transfers the case to the appropriate federal district court." The court can transfer a mixed case to "[any court] in which the action or appeal could have been brought at the time it was filed or noticed."[1] *See* 28 U.S.C. § 1631.

Accordingly,

IT IS ORDERED THAT:

This case is transferred to the United States District Court for the Northern District of Illinois.

1. The record does not indicate when Mr. Allison received the Board's final decision. This court leaves it to the district court to deter-

mine whether there are any legal impediments to that court reaching the merits of Mr. Allison's claims.